[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a complaint dated May 3, 1994, with a return date of June 14, 1994, plaintiffs, Roger Tremblay Sr. and George Harvey, brought suit against several defendants, including troopers "John Doe" of the Connecticut State Police ("John Doe troopers") personally and in their official capacity as state troopers. The State of Connecticut is also a named defendant.[1]
In their complaint, plaintiffs allege the following facts. On CT Page 1380-A May 17, 1992, plaintiffs were guests at a party at the Jacques Cartier Center in Jewett City. Between the hours of 12:30 a.m. and 1:00 a.m., a fight began between two of the guests as the party was breaking up. According to the complaint, the fight was stopped by the other departing guests when officers of the Jewett City Police arrived.
Upon arriving, the officers of the Jewett City Police Department allegedly attacked numerous guests at the party, including the plaintiffs, by spraying mace or a mace-like substance at them, striking them with police batons, kicking them, and stepping on their heads and backs. Soon thereafter, members of Troop E of the Connecticut State Police arrived and allegedly refused to protect the plaintiffs from the ongoing use of excessive force.
Plaintiff Tremblay specifically alleges that he was maced, thrown to the ground, bound by the wrists, maced again, and struck in the face. Plaintiff Harvey alleges the same kind of mistreatment at the hands of the officers at the scene. He further alleges that he was pulled feet-first from the back of a CT Page 1380-B police car. As a result, he allegedly banged his head and face against the pavement.
Count one of the complaint alleges that the use of excessive and unreasonable force by the officers, and the refusal of the John Doe troopers to intervene, violated plaintiffs' rights guaranteed by the United States Constitution and 42 U.S.C. § 1983.[2]
In subsequent counts, plaintiffs allege violations of their civil rights under Articles 1, 7, 8, 11, and 20 of the Connecticut Constitution, assault and battery, malicious assault and battery, negligent infliction of emotional distress, intentional infliction of emotional distress, malicious prosecution, and negligence against various named defendants and the John Doe troopers in their official and individual capacities.
By a motion dated August 2, 1994, and filed with the court on August 4, 1994, the assistant attorney general moved to dismiss the complaint against the State of Connecticut and the John Doe troopers. The assistant attorney general asserts that this court CT Page 1380-C lacks subject matter jurisdiction over the State of Connecticut and the John Doe troopers in their official capacities because of the doctrine of sovereign immunity. In addition, the assistant attorney general proffers that this court lacks personal jurisdiction over the John Doe troopers due to a lack of personal service on the unnamed individuals. Lastly, the assistant attorney general claims that the court lacks subject matter jurisdiction over the John Doe troopers in their individual capacities because of their immunity from suit pursuant to General Statutes § 4-164.[3]
In opposition to the motion to dismiss for lack of personal jurisdiction over the John Doe troopers, the plaintiffs assert that they are entitled to a reasonable opportunity to conduct discovery in order to ascertain the names of the troopers so that process may be served directly on them. Additionally, plaintiffs state that since the assistant attorney general has entered his appearance for the state troopers in their official capacities only, he may not properly pursue a motion to dismiss against the counts brought against the John Doe troopers in their individual capacities. Plaintiffs also claim that the troopers are not CT Page 1380-D entitled to absolute sovereign immunity under 42 U.S.C. § 1983
and the Connecticut Constitution for their official acts. Lastly, the plaintiffs allege that General Statutes § 4-165
does not bar personal capacity claims against the troopers.
Both parties have submitted memorandum of law in support of their respective positions. It is also noteworthy that this court has entered a protective order barring the plaintiffs from conducting any discovery until the issues of subject matter and personal jurisdiction are resolved.
DISCUSSION
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, CT Page 1380-E 544, 590 A.2d 914 (1991).
"[J]urisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgement are three separate elements of the jurisdiction of a court. . . ." (Citation omitted; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179, 554 A.2d 728
(1989). "The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage of the proceedings." Brunswick v. Inland Wetlands Comm'n, 222 Conn. 541,549, 610 A.2d 1260 (1990).
1. Sovereign Immunity/42 U.S.C 1983/State Constitutional Claims.
Subject to a few very important exceptions, all state and local government officials found to be acting under color of state law can be sued under 42 U.S.C. § 1983 in their individual capacities. See Bodensteiner and Levinson, eds., 1 State Local Government Civil Rights Liability, § 1:03, p. 8 (1993). All of the relevant counts in the complaint seek to sue the John Doe troopers in their official capacities (and CT Page 1380-F individually) as agents of the state of Connecticut. In Will v.Michigan Dept. of State Police, 491 U.S. 58, 64, 109 S.Ct. 2304
(1989), the Supreme Court held that a state is not a "person" under 42 U.S.C. § 1983.
In this suit, the State of Connecticut is a named defendant. Under the reasoning of Will, the State of Connecticut is an improper defendant. Allowing this suit to go forward would not only violate the statute, but also the 11th Amendment of the U.S. Constitution which bars suits against states without their express consent.[4]
Our own courts have repeatedly held that "because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." Doe v. Heintz,204 Conn. 17, 31, 526 A.2d 1318 (1987). All suits naming state officials and/or agents in their official capacities are construed to be suits solely against the state. See Krozser v.New Haven, 212 Conn. 415, 420, 562 A.2d 1080 (1989).
The John Doe troopers arrived at the scene while on duty to CT Page 1380-G break up an alleged disturbance. Since they were acting in their official capacities at the time, they were in effect agents of the state. As such, they cannot be sued for their official actions unless the state consents to be sued. "We have long recognized the . . . common law principle [the doctrine of sovereign immunity] that the state cannot be sued without its consent. . . ." Barde v. Board of Trustees, 207 Conn. 59, 64,539 A.2d 1000 (1988).
It is clear that the plaintiffs were aware of the doctrine of sovereign immunity. In their memorandum in opposition to the motion to dismiss, they ask the court to delay acting on the motion to dismiss until the claims commissioner has decided whether or not their claims can go forward.[5] In effect, if allowed, the claims commissioner would be consenting to suit on behalf of the state. In spite of the pending claim, the court still cannot delay its decision. Until the claims commissioner makes his ruling, the court lacks subject matter jurisdiction to hear the matters brought against the John Doe troopers in their official capacities.
In Krozser v. New Haven the administrator of the decedent's CT Page 1380-H estate brought suit against the State of Connecticut for the alleged wrongful death of the decedent and for violations of his civil rights under 42 U.S.C. § 1983. Krozser had died while incarcerated at the New Haven Community Correctional Center. A claim was filed with the claims commissioner pursuant to §§ 4-147
and 4-165b seeking permission to sue the state. For reasons unknown, the claims commissioner never acted on the decedent's request, and the administrator of Krozser's estate subsequently filed suit in Superior Court before the statute of limitations barred the claims.
In upholding the trial court's dismissal of the case, the Connecticut Supreme Court held that "[b]efore a claimant may pursue any monetary claim against the state, if the doctrine of sovereign immunity is applicable, the state must consent to be sued. The claims commissioner, as previously noted, may waive that immunity . . . and consent to suit. Until that happens . . . the Superior Court has no jurisdiction to hear any such monetary claim." Krozser v. New Haven, supra, 212 Conn. 423.
Krozser is analogous to the present action. Until the claims CT Page 1380-I commissioner renders its decision, this court lacks subject matter jurisdiction to hear claims regarding violations of civil rights under 42 U.S.C. § 1983, or other claims made against the John Doe troopers acting in their official capacities.
2. Personal Jurisdiction and "John Doe" Service of Process.
Plaintiffs assert that the assistant attorney general cannot move to dismiss for lack of personal jurisdiction over the troopers in their individual capacities because the assistant attorney general only entered an appearance on behalf of the John Doe troopers as to their official capacities. When faced with the same issue in another case, the court held that General Statutes § 5-141d "confers authority upon the attorney general to represent the defendant state officers and employees in their individual capacities . . . . because the employees are alleged to be employees of the State of Connecticut . . . and were acting under color of law and under the color of authority in their respective positions in the employ of the State [when the incident occurred]. Hackett v. State, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 352161, CT Page 1380-J (November 28, 1990, Stengel, J.).
Plaintiffs make the same "color of authority" allegation in their complaint. Thus, it is appropriate and proper for the assistant attorney general to seek dismissal of the counts against the John Doe troopers in their individual and official capacities.
Next, the assistant attorney general asserts that this court lacks personal jurisdiction over the unknown troopers as to those counts brought against them personally because the John Doe troopers never received in hand service of process.
Plaintiffs, while acknowledging that the John Doe troopers were never personally served, assert that they should be allowed a reasonable opportunity to discover the identities of the troopers in order to effectively serve them.
As a preliminary matter, it is noted that under Practice Book § 142, a motion to dismiss is properly and timely brought within 30 days of the entry of appearance by the defendant.[6]
In this case, the assistant attorney general filed an appearance CT Page 1380-K on May 24, 1994. His motion to dismiss, however, was filed on August 4, 1994. Thus, the court finds that the motion to dismiss for lack of personal jurisdiction is untimely under the Connecticut Practice Book.
Connecticut's trial courts are split on the propriety of using fictitious names in civil actions when the identity of the defendant is unknown at the commencement of the suit. "There have been very few judicial pronouncements on the subject." Barber v.City of Hartford, 9 CSCR 98 (December 21, 1993, Freed, J.)
"Statutes usually provide that a party defendant, whose name is unknown, may be sued by a fictitious name under specified circumstances, but in some jurisdictions the inclusion of fictitious defendants in an action against named defendant's is not permissible." 67A C.J.S. Parties § 115
Connecticut General Statutes § 52-54 provides in part that "[t]he service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode. . . ." Likewise, 52-57(a) CT Page 1380-L states "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it . . . with the defendant, or at his usual place of abode in this state."
Relying on these statutes, Connecticut courts have held that naming "John Doe" as a defendant in a complaint and summons is improper because Connecticut does not have a fictitious name statute, nor does the Practice Book authorize use of such name. See Hackett v. State, supra, Docket No. 352161 (November 28, 1990) (granting defendant "John Doe's" motion to dismiss for lack of personal jurisdiction over unnamed employees and officials of the Department of Corrections for alleged 42 U.S.C. § 1983.).
In a case similar to the case now before the court, plaintiff sued an unknown officer of the City of Milford police department. In granting the defendant John Doe's motion to strike a count of the complaint, the court noted that the statute of limitations had run on the plaintiff's claim and that the use of the fictitious name in the complaint failed to state a cause of action for which relief could be granted. Cuomo v. Yale-NewHaven, Superior Court, judicial district of New Haven at New CT Page 1380-M Haven, Docket No. 309701, (July 27, 1992, Gordon, J.). Similar reasoning was applied when creditors of a defunct corporation sued unknown shareholders who allegedly received distributions of corporate assets. Connecticut Resources Recovery Authority v.Refuse Gardens, 7 CSCR 439 (March 25, 1992, Schaller J) (holding that plaintiff could not substitute the real names of the defendants for the John Doe defendants upon discovery of their true identity because doing so would not correct a misnomer in the complaint but actually add new defendants).
In Douglas v. Town of Hartford, 542 F. Sup. 1267, 1270
(1982), the court granted a John Doe police officer's motion to dismiss for lack of service of process. In doing so, the court noted:
 [t]his court has consistently taken the view that use of fictitious names in a pending litigation causes uncertainty and possible prejudice to the unnamed defendants. Plaintiffs in civil rights actions are expected to conduct some preliminary investigation to determine the legal basis, if any,CT Page 1380-N for an action against a particular person or entity. Therefore, the claims against defendants John Doe and Richard Roe will be dismissed by the Court unless the plaintiffs have identified and properly served the actual police officers who they claim were responsible for violation of their civil rights . . . .
(Emphasis added).
In the matter now before the court, plaintiffs allege that they did make an attempt to discover the true names of the John Doe troopers, but were prevented from seeking additional discovery when the defendants moved and received a protective order preventing further discovery until this motion to dismiss is decided. The holding in Douglas implies that plaintiffs are at least entitled to an attempt to discover the alleged troopers' names.
In Barber v. City of Hartford, the court allowed the plaintiff to use the fictitious names of John, Sam, and Henry Doe CT Page 1380-O against unnamed and unknown officers of the police department of the City of Hartford. In rejecting the proposition that Connecticut law prohibits a plaintiff from suing "John Doe" defendants, the court held that, "[t]he court is authorized to allow a plaintiff to bring a lawsuit naming defendants as fictitious persons when such names are unknown to the plaintiff, and when it is necessary to further the litigation." Barber v.City of Hartford, 9 CSCR 98 (December 21, 1993, Freed, J.). In order to protect the rights of the unknown defendants, however, the court stated they must have actual notice of the institution of the action, know they are proper defendants, and not be misled or prejudiced by the use of the fictitious name. Id.
The complaint in this case alleges severe and excessive use of force by unknown members of the Connecticut State Police. In addition the complaint notes the John Doe troopers' alleged failure to intervene to stop the use of excessive force by other local police officers. At its core, it is a civil rights claim, and it would seem a miscarriage of justice to allow the John Doe troopers to escape potential liability merely because the plaintiffs did not know, at the time of the alleged scuffle, the CT Page 1380-P name of their attackers. To dismiss this action at this juncture might encourage state officials to hide their identities from the very people they are obligated to protect.
Furthermore, since the assistant attorney general is pursuing these claims for the John Doe troopers, they are certainly aware of the institution of the action and know they are proper defendants. There is also no evidence before the court that they would be prejudiced by continuing with this action.
Based on the rationale as set forth above, the court decides that the motion to dismiss for lack of personal jurisdiction should be denied, and the plaintiffs should be afforded a reasonable opportunity to garner the true names of the John Doe troopers.
3. Statutory Immunity — Connecticut General Statutes § 4-165
Lastly, the assistant attorney general asserts that this court lacks subject matter jurisdiction over the case as brought against the John Doe Troopers in their individual capacitates. In CT Page 1380-Q support thereof, he claims that the troopers are statutorily immune from suit under Connecticut General Statutes § 4-165.
In relevant part, that statute states, "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment."
"The manifest intent of the statute is to limit the liability of the state to acts of its employees arising out of the employer-employee relationship. Thus, in order for the statute to apply, it must be established that damages or injury were caused by the negligence of a state employee who was acting within the scope of his employment or in the discharge of his duties." (Citations omitted; internal quotation marks omitted.) Dawson v.State, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 297379, (June 16, 1993, Lager, J.).
"Therefore, while Section 4-165 requires a plaintiff to get permission from the claims commissioner prior to commencing a negligence action against a state employee, no such permission is CT Page 1380-R needed prior to bringing an action based on the employees recklessness." Henton v. State, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0274646S, (December 16, 1993, Maiocco, J.). The statute also does not provide immunity to states employees whose acts are wanton or malicious. Arbucci v.Farmers Mechanics Bank, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 0458674, (June 28, 1994, Berger, J.)
In making a claim for willful or malicious conduct, the plaintiff must do more than merely incorporate those words into the complaint. Devivo v. Brown, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0512169, (December 30, 1992, Wagner, J.). The complaint must make a "specific allegation setting out the conduct that is claimed to be reckless or malicious. . . ." Id. "In the case of Markley [v. Santangelo], the court stated that `a willful or malicious injury is one caused by design. Wilfulness and malice alike import intent . . . ." (Citations omitted). Ford v. Board of TrusteeConnecticut State University, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0511557, (August CT Page 1380-S 12, 1983, Koletsky J.).
Count one of the complaint seeks compensation from the John Doe troopers for violations of their civil rights. Since violating the plaintiffs' civil rights can not be considered to be in the troopers normal scope of their employment, and the language of the counts sounds in more than mere negligence, the John Doe troopers cannot claim immunity under § 4-165. Likewise, count two merely seeks to state a claim for violations of civil rights under the Connecticut constitution. Therefore, the troopers cannot seek immunity from suit for these claims either.
Count three states a cause of action for assault and battery against the John Doe troopers and other named defendants. Paragraph 19 specifically states that "Troopers John Doe, acting alone and in concert, intended to touch and did touch the person of the Plaintiffs in a manner offensive and harmful to the plaintiffs." As noted in Markley above, such intentional conduct rises to the level of willfulness and wantonness.
Count four states that the "defendants committed the . . . CT Page 1380-T assault and battery with actual malice as they had planned to attack the party and were waiting for the opportunity to attack" This language is also sufficient to allege that the conduct of the trooper was wanton, reckless and malicious, and thus outside of the protection of the immunity statute.
Counts six, which sets forth a claim for the intentional infliction of emotional distress, also alleges conduct outside of the statute's protection. Therefore, the John Doe troopers cannot claim immunity regarding this count either. The same holds true as to count seven which alleges malicious prosecution.
Count five alleges negligent infliction of emotional distress. Count ten states a claim of negligence against the John Doe troopers for their failure to investigate the cause of the scuffle outside of the club, and for their failure to intervene to stop the use of the excessive force. Because these counts merely allege that the John Doe troopers were negligent in their duties, they would be statutorily immune from suit at this juncture. Without authority from the claims commissioner allowing these claims to go forward, this court lacks subject matter CT Page 1380-U jurisdiction as to these two counts.
Based on the above analysis, however, the court does have subject matter jurisdiction as to counts one, two, three, four, six, and seven because the conduct alleged therein can be characterized as "wanton, reckless, and malicious."
CONCLUSION
For the above stated reasons, the court lacks subject matter jurisdiction over those counts in the complaint directed at the John Doe troopers in their official capacities based on the doctrine of sovereign immunity.
The court, however, does have personal jurisdiction over the John Doe defendants.
To the extent that the complaint alleges wanton, reckless, and malicious conduct by the John Doe troopers in their individual capacities, the court has subject matter jurisdiction as to counts one, two, three, four, six and seven. CT Page 1380-V
The motion to dismiss is granted as to counts five and ten. It is denied as to counts one, two, three, four, six and seven. The motion does not address the other counts of the complaint.
Hurley, J.